IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NOURA SHARABATI                                                                                          PETITIONER

V.                                                                                         NO. 4:15-CV-00095-DMB-JMV

SAMEER SHARABATI a/k/a
SAMIR SHARABATEE                                                                                        RESPONDENT

## ORDER

Before the Court is "Petitioner's Motion under The Hague Convention for Service of Summons and Petition by United States Marshal's Service, for Shortened Time for Response to Petition and for Related Relief." Doc. #9. For the reasons below, the motion will be granted in part and denied in part.

**I**

On July 29, 2015, Petitioner Noura Sharabati filed a "Verified Petition for Return of Children to Petitioner and for Immediate Issuance of Show Cause Order to Respondent," alleging that her husband, Respondent, unlawfully took their minor children from Israel and moved to the Cleveland, Mississippi, area. Doc. #1. The same day, Petitioner filed an *ex parte* motion for a temporary restraining order and an expedited hearing. Doc. #2. In her *ex parte* motion, Petitioner sought, without notice to Respondent, a temporary restraining order prohibiting Respondent, and anyone acting for him or with him, from removing their minor children from the jurisdiction of this Court pending the entry of a final judgment. *Id*.

On August 4, 2015, the Court denied the motion for temporary restraining order after finding that the petition failed to "me[e]t the strict requirements of Rule 65(b) [of the Federal

Rules of Civil Procedure]." Doc. #7 at 4. The next day, the Court noticed an evidentiary hearing on the petition to proceed on September 3, 2015. Doc. #8. Petitioner now moves the Court for entry of an Order providing several forms of relief, many of which are not appropriate given the denial of the motion for temporary restraining order.

## II

Petitioner's instant motion requests that the Court enter an order that will: (a) direct the United States Marshal's Service to effectuate service upon Respondent of a summons, the petition, the notice setting the hearing on the petition, and any other previously filed papers deemed appropriate; (b) direct Respondent to file an expedited answer or other response to the petition following service; (c) direct Respondent to appear at the hearing set by notice with the minor children; (d) direct the Marshal's Service to take possession of Respondent's travel documents; (e) direct the Marshal's Service to take possession of the minor children's travel documents; and (f) provide any other direction to the Marshal's Service the Court deems appropriate. Doc. #9 at 1-2. The Court addresses each request in turn.

### A
### The Marshal's Service

The Court begins by noting that had Petitioner met the requirements of Rule 65(b) sufficient for a temporary restraining order, service by the Marshal's Service would have been appropriate. *See* Fed. R. Civ. P. 4.1 (requiring United States marshal or deputy marshal to serve process other than summons under Rule 4 or subpoena under Rule 45); 4A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1090 (3d ed. 2014) ("Types of process falling under Rule 4.1 would include *temporary restraining orders*, injunctions, attachments, arrests, and orders relating to judicial sales.") (emphasis added). Petitioner's motion was denied, however; thus the Court looks to Rule 4 of the Federal Rules of Civil Procedure.

2

Rule 4(c)(3) of the Federal Rules of Civil Procedure "provid[es] for service by a United States marshal only in certain specifically designated circumstances." 4A FEDERAL PRACTICE AND PROCEDURE § 1090. Specifically, at the request of a party, the Court "must order [service by a United States marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). The Court may also order service by a United States marshal, *id.*, when it finds such service is necessary, *see* 4A FEDERAL PRACTICE AND PROCEDURE § 1090 ("Service of a summons and complaint by a marshal is to be utilized at the request of a party only when that party … has obtained a court order because for some reason a marshal is necessary to effect service."). "However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." *Id.* (citing 93 F.R.D. 255, 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127).

Petitioner has not offered any facts suggesting that ordinary service of process will be ineffective nor has she offered any evidence that she has already attempted service, much less proved that service is not feasible. Moreover, although Petitioner argues that service by a United States marshal "will minimize the likelihood" of Respondent "fleeing the jurisdiction of the Court with the children" prior to entry of final judgment, Doc. #9 at ¶ 4, she offers no evidence to support this argument. Absent such a showing, the Court does not find that service by a United States marshal is warranted.

Further, the Court declines to order the Marshal's Service to take the passports and other travel documents of Respondent and his children. Such is the type of extraordinary relief that may be granted pursuant to a temporary restraining order or preliminary injunction but neither a

temporary restraining order (given the Court's denial of Petitioner's *ex parte* motion) nor a preliminary injunction has been issued in this case.

**B**
**Expedited Response and Appearance at Hearing**

Because the Court set the September 3, 2015, hearing on an expedited basis, the Court will order that Respondent file an answer or other response to the petition within ten days of being served.

Additionally, given the nature of the ultimate relief sought, the Court will order Respondent to bring the minor children with him to the hearing.

**III**

For the reasons above, Petitioner's motion [9] is **GRANTED in Part and DENIED in part**. The motion is granted to the extent that it requests an order requiring an expedited response to the petition by Respondent[1] and requiring Respondent to appear at the September 3, 2015, hearing with the minor children but is denied in all other respects.

**IV**

Accordingly, it is **ORDERED**:

1. Respondent shall file an answer or other response to the petition within ten (10) days after service upon him of a summons and the petition.

2. Respondent shall appear at the September 3, 2015, hearing with the minor children.

---

[1] Petitioner specifically requests that the Court enter an order directing Respondent to serve his "Answer or other response … *not less than* ten (10) days after service of the Summons and Petition upon him." Doc. #9 at 3 (emphasis added). The Court finds no reason to prohibit Respondent from filing his response earlier than ten days after service if he so desires.

4

3. A copy of this Order shall be served upon Respondent with a summons, the petition, the notice of hearing, and all other documents filed in this matter no later than August 24, 2015.

**SO ORDERED,** this 6th day of August, 2015.

<u>**/s/ Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**