# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**NOURA SHARABATI**                                                                                    **PETITIONER**

**V.**                                                              **NO. 4:15-CV-00095-DMB-JMV**

**SAMEER SHARABATI**
**a/k/a SAMIR SHARABATEE**                                                                             **RESPONDENT**

## ORDER

Before the Court is "Petitioner's Motion for Entry of an Order Directing or Authorizing the United States Marshal's Service to Provide Assistance in Locating Fleeing Defendant." Doc. #20. For the reasons below, the motion will be denied.

### I

On July 29, 2015, Petitioner Noura Sharabati filed a "Verified Petition for Return of Children to Petitioner and for Immediate Issuance of Show Cause Order to Respondent," alleging that her husband, Respondent, unlawfully took their minor children from Israel and moved to the Cleveland, Mississippi, area. Doc. #1. The same day, Petitioner filed an *ex parte* motion for a temporary restraining order and an expedited hearing. Doc. #2. In her *ex parte* motion, Petitioner sought, without notice to Respondent, a temporary restraining order prohibiting Respondent, and anyone acting for him or with him, from removing their minor children from the jurisdiction of this Court pending the entry of a final judgment. *Id.*

On August 4, 2015, the Court denied the *ex parte* motion for temporary restraining order after finding that the motion failed to "me[e]t the strict requirements of Rule 65(b) [of the Federal Rules of Civil Procedure]." Doc. #7 at 4. The next day, Petitioner filed "Petitioner's Motion under The Hague Convention for Service of Summons and Petition by United States

Marshal's Service, for Shortened Time for Response to Petition and for Related Relief." Doc. #9. Among other relief, Petitioner sought an order directing the United States Marshals Service to effectuate service upon Respondent, to take possession of Respondent's travel documents, and to take possession of the minor children's travel documents. *Id.* at 1–2. The Court denied this relief, explaining in pertinent part:

> Petitioner has not offered any facts suggesting that ordinary service of process will be ineffective nor has she offered any evidence that she has already attempted service, much less proved that service is not feasible. Moreover, although Petitioner argues that service by a United States marshal "will minimize the likelihood" of Respondent "fleeing the jurisdiction of the Court with the children" prior to entry of final judgment, Doc. #9 at ¶ 4, she offers no evidence to support this argument. Absent such a showing, the Court does not find that service by a United States marshal is warranted.
>
> Further, the Court declines to order the Marshal's Service to take the passports and other travel documents of Respondent and his children. Such is the type of extraordinary relief that may be granted pursuant to a temporary restraining order or preliminary injunction but neither a temporary restraining order (given the Court's denial of Petitioner's *ex parte* motion) nor a preliminary injunction has been issued in this case.

Doc. #10 at 3–4. After declining to involve the Marshals Service, the Court ordered Petitioner to serve upon Respondent process and "all other documents filed in this matter no later than August 24, 2015." *Id.* at 5.

Petitioner's process server attempted to serve Respondent in Cleveland, Mississippi, on August 14, 2015, and on August 15, 2015. Doc. #13 at 3. The process server visited the home and business of Respondent's brother, as well as Respondent's suspected work place; however, Respondent was not present at any of these locations. *Id.* On August 21, 2015, Petitioner returned the summons unexecuted because, according to the process server, "Sameer Sharabati left town." *Id.* at 2.

**II**

Petitioner now moves the Court for entry of an order that will direct the Marshals Service to assist in locating Respondent and the minor children, and direct Respondent "to appear before this or another appropriate federal court with" the minor children. Doc. #20 at 4–5. Petitioner has not explicitly requested service by the Marshals Service. *Id.* (requesting assistance in locating Respondent "so the Defendant can be served with process of this or another appropriate federal court"). However, because Petitioner argues that the shortcomings of her previous motion that sought service by the Marshals Service "no longer exist," *id.* at ¶ 4; the Court presumes that Petitioner still seeks to have the Marshals Service serve Respondent.

**A. Locating Respondent**

The Court in its discretion may order service by the Marshals Service. S*ee* Doc. #10 at 2–3. But, "neither the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." *DeRoche v. Funkhouser*, No. 2:06-CV-01428, 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court therefore declines to order the Marshals Service to assist Petitioner in locating Respondent.[1]

**B. Ordering Respondent to Appear**

Petitioner does not elaborate on her request for an order directing Respondent "to appear before this or another appropriate federal court with Petitioner's children who are being wrongfully detained and hidden from Petitioner and this Court." Doc. #20 at 5. Regardless, the Court denies such a request. The Court finds that the summons issued on August 12, 2015, Doc.

---

[1] Even if the Court ordered the Marshals Service to serve Respondent, Petitioner would be "responsible for providing the Court and the Marshal the proper address for serving [Respondent]." *Bowman v. Johnson*, No. CIV.A 308CV449HEH, 2010 WL 1225693, at *1 (E.D. Va. Mar. 26, 2010) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *Beck v. Nutakor*, No. 0:04cv00686, 2008 WL 512706, at *2 (D. Minn. Feb. 25, 2008)).

#11, on its face provides sufficient notice of the duty to appear and defend. Fed. R. Civ. P. 4(a). Petitioner need only serve the summons upon Respondent to have Respondent's appearance in court mandated.

### C. Serving Respondent by Marshals Service

As explained in the Court's previous order:

> The Court may … order service by a United States marshal, ... when it finds such service is necessary. However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint.

Doc. #10 at 3 (quotation marks and citations omitted). Petitioner attempts to satisfy this burden by arguing:

> There have been multiple unsuccessful attempts to serve Mr. Sharabati, as shown by the process server's letter accompanying his Return on the Unexecuted Summons; service by the Petitioner is not feasible since she (being in a foreign country) and her counsel do not have the resources to locate the absent Defendant; there was evidence of the likelihood of flight at the time of the prior motion based on the Defendant's having fled Israel with Petitioner's children; and now there is proof of record that Mr. Sharabati in fact literally fled in the night to another state with the Petitioner's children.[2]

Doc. #20 at ¶ 4 (internal record citations omitted; footnote added).

Notably, Petitioner does not argue that the circumstances here are such that Respondent physically resisted the private process server. *See* 4A Federal Practice and Procedure § 1090

---

[2] This Court has not entered any order preventing Respondent from traveling with his children. *See* Doc. #7 at 1 (denying "a temporary restraining order prohibiting Respondent … from removing their minor children from the jurisdiction of this Court pending the entry of a final judgment"). Nor should the Court do so, given that Petitioner's request for a temporary restraining order without notice was denied and Respondent is not presently before this Court as a defendant because he has not been served. Moreover, the Court disagrees that there was legally sufficient evidence of the likelihood of flight at the time of Respondent's motion initially seeking service upon Respondent by the Marshals Service. Petitioner's failure to comply with the requirements of Rule 65 rendered the matters asserted in her petition to be without sufficient evidentiary support. For the same reason, the Court also does not agree that "now there is proof of record" that Respondent "in fact literally fled … with the Petitioner's children." Again, there is presently nothing preventing Respondent from traveling with his children so the characterization that he fled can only be deemed unsubstantiated argument. The Court notes that Petitioner has presented nothing to the Court in the attempt to remedy the deficiencies of her *ex parte* motion for a temporary restraining order.

("The Congressional Record reveals that the purpose of [allowing the Court to order service by the Marshals Service] was to ensure service in certain limited instances as when a hostile defendant threatens injury to the process server." (citing 96 F.R.D. 81, 121 n.19)). Rather, the process server was simply unable to locate Respondent. The Court is not persuaded that the process server's failure to locate Respondent is indicative that service by ordinary means is unfeasible.

Moreover, Petitioner's lack of resources has no bearing on this Court's feasibility determination. This is so because service of process by the Marshals Service is not free. Congress requires the Marshals Service to charge for making or attempting service on behalf of litigants.[3] 28 U.S.C. § 1921(a). Thus, even if the Court ordered service by the Marshals Service, Petitioner would be responsible for paying any service of process fees. *See Williams v. Shaw*, No. 3:13-CV-989-HTW, 2014 WL 6686718, at *1 (S.D. Miss. Nov. 26, 2014) ("As previously explained to Plaintiff, this Court has no authority to direct the United States Marshal Service to assist him in service of process, particularly without pre-payment of service fees. Plaintiff … is responsible for payment of any service of process fees."); *see also Holmes v. United States*, No. CIV-06-796R, 2008 WL 111320, at *3 (W.D. Okla. Jan. 8, 2008) ("Should Plaintiff persist in his desire to utilize the Marshals Service he should … remit … the fee[s] established by the Department of Justice for service of process … by the United States Marshals Service." (citing 28 C.F.R. § 0.114)); *Jackson v. Graves*, No. 14-CV-1206-PP, 2015 WL 5577527, at *7 (E.D. Wis. Sept. 22, 2015) ("Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.").

---

[3] The full fee schedule is provided at 28 C.F.R. § 0.114.

In sum, Petitioner still has not offered any facts sufficient to demonstrate that service by the Marshals Service is necessary or warranted.

### III

For the reasons above, Petitioner's motion [20] is **DENIED**.

**SO ORDERED,** this 13th day of October, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**